EXHIBIT B

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 10-1176

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
LEONARD GREEN, Clerk
9/2/2015 3:40:17 PM
CHRISTOPHER A. PRINE
Clerk

DAVID SCHIED on behalf of Student A,    )
                                        )
        Plaintiff-Appellant,            )
                                        )
v.                                      )    ON APPEAL FROM THE UNITED
                                        )    STATES DISTRICT COURT FOR
                                        )    THE EASTERN DISTRICT OF
SCOTT SNYDER, et al.,                   )    MICHIGAN
                                        )
        Defendants-Appellees.           )

O R D E R

Before:  KEITH, CLAY, and KETHLEDGE, Circuit Judges.

David Schied, a Michigan citizen, moves for sanctions and a writ of mandamus and appeals pro se a district court order dismissing a complaint he filed. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Schied, who has recently filed a number of actions in both the Michigan state and federal courts, filed this complaint in forma pauperis, purportedly on behalf of his minor son, against a number of defendants. Schied alleged that defendant Snyder, the principal at his son's school, had suspended his son a number of times in retaliation for Schied's involvement of Snyder in some of Schied's other litigation. Schied's attempts to appeal these suspensions and seek an Individual Education Program for his son under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., were not resolved satisfactorily to Schied. He sued Snyder and the various local, state, and federal officials to whom he complained, alleging that the defendants had engaged in a vast criminal conspiracy to violate his son's rights. The complaint was 223 pages in length, with an additional 88 attachments. The various defendants filed motions to dismiss for failure to state

a claim and motions to strike the complaint pursuant to Federal Rule of Civil Procedure 8. Schied filed responses to these motions, as well as motions of his own. The district court granted the defendants' motions to dismiss the complaint for failure to state a claim and to strike the complaint for failure to comply with Rule 8, and denied Schied's motions.

Schied has filed an 87-page brief on appeal, as well as his motion for sanctions and a writ of mandamus, with 213 pages of exhibits. Some of the defendants request in their briefs that Schied be sanctioned as a vexatious litigant.

We review the dismissal of a complaint for failure to state a claim under both 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6) de novo. *Gunasekera v. Irwin*, 551 F.3d 461, 465-66 (6th Cir. 2009); *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). Dismissal for failure to state a claim is proper where the factual allegations in the complaint do not state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain more than allegations and legal conclusions. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In this case, de novo review shows that the complaint's factual allegations are insufficient to plausibly support the legal conclusions asserted by Schied.

As Schied has been informed by several courts that have addressed his complaints, private citizens have no authority to initiate criminal prosecutions. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Therefore, Schied's main claim for relief is clearly without merit.

Moreover, the district court did not abuse its discretion in determining that the complaint in this case violated Rule 8, requiring a short and plain statement of a claim. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 519 (6th Cir. 2006). The complaint, over 200 pages in length, and several hundreds of additional pages of exhibits, nowhere explained with sufficient clarity why Schied's dissatisfaction with the resolution of his grievances would lead to the conclusion that defendants were criminally or civilly liable.

No. 10-1176
- 3 -

Several of the defendants have requested that Schied be sanctioned as a vexatious litigant. We have the authority to prospectively deny Schied in forma pauperis status as a sanction for filing repeated frivolous appeals. *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989). In addition, one who files repeated frivolous complaints may be prohibited from filing further actions unless a magistrate judge certifies that any proposed complaint is not frivolous. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Schied is hereby warned that filing of further appeals claiming a right to criminally prosecute others for perceived transgressions will result in sanctions.

Finally, Schied's lengthy motion for sanctions and a writ of mandamus, in which he cites no authority for either type of relief, but merely restates the legal conclusions set forth in his previous pleadings, is denied.

For all of the above reasons, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*

Clerk